IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENE SOLIS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00765-E (BT) |
| | § | |
| J. BARBER, et al. | § | |
| | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rene Solis is a federal inmate proceeding *pro se* and *in forma pauperis* (IFP) in this prisoner civil rights action. The Court previously found that Solis's complaint failed to state a claim but gave her leave to file an amended complaint. *See* ECF No. 16, ECF No. 18. Solis then filed an amended complaint against some of the original Defendants. ECF No. 21. Her First Amended Complaint is now before the Court for rescreening. For the following reasons, the Court should dismiss Solis's claims against Defendants J. Cox, Deaaron Wheaton, and John Doe 1 with prejudice and then order Solis's First Amended Complaint served on Defendant D.S.O. Barber in accordance with the IFP statute, 28 U.S.C. § 1915, and Federal Rule of Civil Procedure 4.

## Background

Solis filed her original complaint on March 31, 2020. *See* ECF No. 3. In it, and in her responses to a Magistrate Judge Questionnaire, Solis alleged as follows:

Solis is a transgender individual who identifies as a woman and "looks female to any naked eye." *See* ECF No. 15 at 2; *see also Swaringen v. Bell,* 2019 WL 2870951, at *3 (N.D. Tex. June 19, 2019), *rec. accepted*, 2019 WL 2869825 (noting that responses to a court-issued questionnaire become part of the *pro se* plaintiff's pleadings). On January 13, 2019, she was a federal pretrial detainee housed in the Dallas County Jail and assigned to the Special Custody Unit, which is a "restrictive housing/unit." *See* ECF No. 3 at 9; ECF No. 15 at 1. Prison rules and regulations require that all inmates within the Special Custody Unit be handcuffed and supervised. ECF No. 15 at 1.

At 3:00 p.m. on January 13, 2019, Solis was waiting for her turn to see "medical." ECF No. 3 at 5. Pursuant to prison rules, she was handcuffed. *Id.* Defendant Barber was responsible for Solis's "reasonable safety/health" while she was handcuffed. ECF No. 15 at 1. Defendant Barber left Solis in the hall outside of the medical department to have a conversation with someone in the medical nurse's station, leaving Solis "defenseless and vulnerable." ECF No. 3 at 5. While Solis was alone, a "high-security" male inmate, Defendant Wheaton, who was not handcuffed or supervised assaulted Solis, causing physical injury. *See* ECF No. 3 at 5; ECF No. 15 at 1. Defendant

2

Wheaton yelled "Stupid faggot!" at Solis before hitting her violently in the face and causing her to fall to the ground. *See* ECF No. 13 at 1. An unidentified defendant officer, John Doe 1, was responsible for overseeing Defendant Wheaton but left him uncuffed and unsupervised in violation of prison policy. ECF No. 15 at 1.

Following the assault, Defendant Cox conspired with "all investigating officers" and failed to respond to Solis's grievance concerning the assault in violation of her First Amendment right to access the courts. ECF No. 15 at 3. Solis also claimed that her due process rights were violated because evidence—including eyewitness statements, a video camera, and medical reports—related to the assault was suppressed. *See* ECF No. 15 at 3.

Based on these allegations, Solis sued Defendants Barber and the unidentified John Doe 1 for failure to protect her from Defendant Wheaton's assault. She also sued Defendant Barber's supervisor, Defendant Wideman; an unidentified supervisor, John Doe 2; Sheriff Marian Brown; the United States Marshal; and Defendant Cox. The undersigned recommended that all of Solis's claims be dismissed with prejudice for failure to state a claim. ECF No. 16. The Court agreed and accepted the undersigned's Findings, Conclusions, and Recommendation (FCR) but allowed Solis "one last opportunity to plead her best case." ECF No. 18.

Solis filed an amended complaint against some of the same Defendants on September 1, 2021. ECF No. 21. Specifically, Solis sues

3

Defendants Barber, Cox, Wheaton, and John Doe 1. *See* ECF No. 21 at 1. Solis again contends that these Defendants were deliberately indifferent to a serious risk of harm of harm to her. Specifically, Defendant Barber, who was escorting Solis, left her alone in a "restricted area," where, because of a "foreseeable risk of harm," prison regulations require all inmates to be handcuffed and closely supervised. *See* ECF No. 21 at 2. While she was alone, she was assaulted by another "high-security" inmate, Defendant Wheaton. *See* ECF No. 21 at 2.

Defendant Barber knew that he was in a "restricted area" and knew that Solis was particularly vulnerable to attack because she is a transgender individual who "projected feminine characteristics." *See* ECF No. 21 at 2. This, continues Solis, amounts to deliberate indifference "especially in a restricted area, where assault does happen, this is why there is a restricted area, where all inmates have to be handcuffed and closely supervised." ECF No. 21 at 3.

Solis also contends that John Doe 1 was deliberately indifferent as well because he left Defendant Wheaton uncuffed and unsupervised in the restricted area. *See* ECF No. 21 at 3. The First Amended Complaint contains no allegations concerning Defendant Cox.

**Legal Standards**

Solis's First Amended Complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In performing this analysis, the undersigned liberally construes Solis's *pro se* complaint and is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

5

drafted by lawyers . . . ." See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## Analysis

Initially, a properly filed amended complaint supersedes the original complaint and becomes the operative complaint in the case, rendering the original complaint of no effect. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). Accordingly, the undersigned only addresses Solis's allegations in the First Amended Complaint against the Defendants named therein.

### A.     Service on Defendant Barber is appropriate

Solis claims that Defendant Barber was deliberately indifferent to a substantial risk of serious harm in failing to protect her from Defendant Wheaton's assault.

Because she was a pretrial detainee on the date of the alleged assault, Solis's failure-to-protect claim arises under the Due Process Clause of the Fourteenth Amendment. *See Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000). An inmate's constitutional rights are violated when a prison official demonstrates "deliberate indifference" to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human

needs, including medical care and protection from harm, during their confinement.").

Specific to Solis's claims here, prison officials have a duty to protect inmates from violence at the hands of other prisoners. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). "Prison officials must guard against current threats, as well as sufficiently imminent dangers that may cause harm in the future, but not every injury caused by another prisoner gives rise to constitutional liability." *Wood v. Barrera*, 2020 WL 7121660, at *4 (N.D. Tex. Oct. 30, 2020) (citing *Horton v. Cockrell*, 70 F.3d 397, 400-01 (5th Cir. 1995)). "To state a constitutional claim for failure to protect, a plaintiff must show: (1) that [she] was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to [her] need for protection." *Wood*, 2020 WL 7121660, at *4 (citing *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)). Deliberate indifference "is an extremely high standard to meet" (*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), and prison officials act with such indifference only if they know an inmate faces a substantial risk of serious harm and they disregard that risk by failing to take reasonable measures to alleviate it. *See Farmer*, 511 U.S. at 837. "Consequently, officials' failure to alleviate a risk they should have perceived, but did not, does not constitute deliberate indifference." *Wood*, 2020 WL 7121660, at *4 (citing *Farmer*, 511 U.S. at 837-38). Instead, the inmate must show that the official actually

7

knew of and disregarded the excessive risk to inmate safety. *Wood,* 2020 WL 7121660, at *4 (citing *Farmer,* 511 U.S. at 837). Thus, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837. The law, however, does not expect or require that prison officials prevent all inmate-on-inmate violence. *See Adames v. Perez,* 331 F.3d 508, 512 (5th Cir. 2003). "[A]nd mere negligence in failing to protect a prisoner from assault does not establish a constitutional violation." *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990).

In the failure-to-protect context, the subjective-knowledge-of-harm prong may be met when an inmate informs a correctional officer about a specific fear of assault and is then assaulted. *See B. Braxton/Obed-Edom v. City of New York,* 368 F.Supp.3d 729, 738 (S.D.N.Y. 2019) (citing *Francis v. City of New York,* 2018 WL 4659478, at *4 (S.D.N.Y. Aug. 21, 2018)). Further, a factfinder could, under the appropriate facts, determine that a prison official knew of the risk simply because of its obviousness. *Farmer,* 511 U.S. at 842.

Solis's new allegations against Defendant Barber are sufficient to survive judicial screening and warrant a response. Accordingly, Defendant Barber should be served with Solis's First Amended complaint.

### B. Solis fails to state a claim against Defendant Cox.

Solis's amended complaint contains no allegations against Defendant Cox at all—much less any that he was somehow involved in failing to protect Solis from the assault; any claims against him may be dismissed on that basis alone because § 1983 requires personal involvement on the part of individual defendants. *See Turner v. Lieutenant Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017) (noting that, to establish liability under § 1983, an individual defendant "must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation") (citing *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008)).

### C. Solis fails to state a claim against Defendant Wheaton.

Solis sues the assaulting inmate, Defendant Wheaton. But to state a cause of action under section 1983, the plaintiff must allege that the person who deprived her of a federal right was acting under color of law. *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). And Solis has alleged no facts to support a claim that her fellow inmate's conduct is attributable to the state in any way. Thus, Defendant Wheaton is not a state actor, and Solis's section 1983 claim(s) against him should be dismissed on that basis. *See Batiste v. Gusman*, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983.").

9

### D. Solis fails to state a claim against John Doe 1.

Finally, Solis sues John Doe 1, the correctional officer responsible for supervising Defendant Wheaton in the restricted area. But Solis fails to make out a deliberate indifference claim against this Defendant as there are no allegations from which one could deduce that John Doe 1 knew that Solis or any similarly-situated inmate would be present in the restricted area when he failed to supervise Defendant Wheaton. At most, on the facts alleged, John Doe 1 was negligent, which is insufficient to make out a deliberate indifference claim. *See Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (noting that deliberate indifference cannot be inferred from negligence alone). Solis's deliberate indifference claim against John Doe 1 should be dismissed with prejudice.

### Recommendation

The Court should dismiss any claims against Defendants Cox, Wheaton, and John Doe 1 with prejudice, and, after doing so, should order that Plaintiff Rene Solis's First Amended Complaint be served on Defendant D.S.O. J. Barber under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

Signed December 16, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).