IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENE SOLIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00765-E (BT) |
| | § | |
| J. BARBER, et al. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rene Solis is a federal inmate proceeding *pro se* and *in forma pauperis* in this prisoner civil rights action, which has been referred to the undersigned United States magistrate judge for case management pursuant to 28 U.S.C. §636(b) and *Special Order 3*. Pending before the Court is defendant D.S.O. Barber's (Defendant) "*Rule 12 Motion to Dismiss Plaintiff's Claims in Plaintiff's 1st Amended Complaint, Alternative Motion to Strike, and Brief in Support.*" ECF No. 30. For the following reasons, it is recommended that the Court strike Solis's First Amended Complaint and close this action unless Solis files an amended complaint containing her signature. It is further recommended that the motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) be denied.

**Background**

Pursuant to a Court order, Solis filed a first amended complaint on September 1, 2021. *See* ECF No. 21. In the First Amended Complaint, Solis—a

1

transgender individual who identifies as a woman—claims that Defendant failed to protect her from a physical assault committed by another inmate. *See* ECF No. 21 at 2-3.

The Court, accepting the undersigned's recommendation, ordered that the First Amended Complaint be served on Defendant—and that all other claims against all other defendants be dismissed—on January 12, 2022. *See* ECF Nos. 23, 25.

On March 1, 2022, Defendant filed the pending motion to dismiss Solis's claims pursuant to Rule 12, or, alternatively, to strike the First Amended Complaint. *See* ECF No. 3. The Court granted Solis an extension of time until April 11, 2022, to respond to Defendant's motion. *See* ECF No. 33. To date, Solis has not filed a response.

**Legal Standards**

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be

enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

## Analysis

1. <u>The Court should strike Solis's First Amended Complaint and close the case unless Solis files a signed amended complaint.</u>

Federal Rule of Civil Procedure 11(a) states:

> **Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number . . . the

3

court must strike an unsigned paper unless the omission is properly corrected after being called to the attorney's or party's attention.

Solis failed to sign the First Amended Complaint (ECF No. 21), and the error has now been brought to her attention through Defendant's motion, as well as this recommendation. The language of Rule 11(a) is mandatory, so, the Court should strike the First Amended Complaint from the record but allow Solis the opportunity to file a signed amended complaint on the Court's standard 42 U.S.C. § 1983 form. *See*, *e.g.*, *Temple v. Wells*, 2001 WL 883638, at *1 (E.D. La. Aug. 6, 2001) (noting that an unsigned complaint filed by a *pro se* litigant is deficient, but omission was technical error that could be remedied with the submission of a signed complaint); *Cox v. Astarita*, 2018 WL 5017613, at *2 (D. Or. Oct. 16, 2018) (unsigned complaint violates Rule 11 and must be stricken, but *pro se* plaintiff would be allowed opportunity to correct the defect); *Waters v. Amtrack*, 456 F.Supp.3d 666, 672 (E.D. Pa. 2020) (amended complaint defective under Rule 11 for lack of signature, but *pro se* plaintiff would be given an opportunity to cure the defect); *Branch v. State of Texas*, 2007 WL 2457599, at *1 (N.D. Tex. Aug. 29, 2007) (dismissing under Rule 41(b) *pro se* complaint that was deficient under Rules 8(a) and 11(a) for the lack of a signature where the plaintiff failed to correct deficiencies after notice of the defects).

      2. <u>The Court should deny Defendant's Rule 12(b)(6) motion to dismiss the First Amended Complaint because it is "incomplete" and does not include exhibits.</u>

Defendant also argues that the First Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because it is "substantively incomplete." ECF No. 30 at 7. Defendant notes that the First Amended Complaint begins on page 1 and then omits pages 2 and 3 before concluding with page 4 and an unnumbered, handwritten page. Defendant also notes that the First Amended Complaint references "the file included with this Complaint," but the file that Solis is referencing was only included with the original complaint and was not attached to the First Amended Complaint. *See* ECF No. 21 at 2; ECF No. 3 at 8-24 (incident report and investigation information attached as "Exhibit A" to the original complaint).

      These arguments are not persuasive.

> "A document filed *pro se* is 'to be liberally construed,' *Estelle v. Gamble,* 429 U.S. 97 (1976) and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). *Cf.* FED. RULE CIV. PROC. 8(f) ('All pleadings shall be construed as to do substantial justice')."

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nothing in Rule 8, which governs the general rules of pleading, or Rule 10, which governs the form of pleadings, requires the complaint to contain page numbers at all – much less sequential ones. Rule 8 instead requires:

  (1)  A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

  (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and

  (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). Defendant does not argue in its motion that the First Amended Complaint fails to include anything required by Rule 8, nor does he explain how, specifically, it contains insufficient factual matter to state a claim for relief that is plausible on its face. *See Twombly*, 550 U.S. at 570.[1]

And as for the argument that the First Amended Complaint references exhibits included with the original complaint but does not attach them, while Defendant is correct that an amended complaint generally supersedes the original and renders it of no legal effect, there is an exception if the amended complaint refers to and adopts or incorporates by reference the earlier pleading. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). And, as Defendant states in its brief, the First Amended Complaint refers to "the file included with this Complaint." ECF No. 3 at 5. Liberally construing the *pro se* plaintiff's filings,

---

[1] The undersigned does note, however, that the First Amended Complaint arguably violates the Northern District of Texas Miscellaneous Order No. 14, which requires prisoner complaints alleging violations under 42 U.S.C. § 1983 to be filed on the court-approved form. This is the form that Solis used to file the original complaint. But, for whatever reason, Solis only used pages 1 and 4 of that form complaint for the First Amended Complaint. If Solis does choose to file a Second Amended Complaint with her signature, it should be filed on the Court's standard 42 U.S.C. § 1983 form.

the undersigned concludes that the First Amended Complaint incorporates the exhibits attached to the original complaint by reference. *See, e.g.*, *Saunders v. McDonough*, 2021 WL 4847562, at *4 (D. Mass. Oct. 18, 2021) (reading the *pro se* plaintiff's amended complaint as supplementing—rather than superseding—the original complaint when the *pro se* plaintiff's "one-page summary at the end of the amended complaint," referred to information and record contained in exhibits to the initial complaint); *RYH Properties, LLC v. West*, 2010 WL 11527429, at *3 (E.D. Tex. May 19, 2010) (finding that the amended complaint sufficiently referred to exhibits attached to original complaints because "[r]eferences in Plaintiffs' Amended Complaints to exhibits attached to the original Complaint are sufficiently clear and definite to put Defendants on notice of Plaintiffs' allegations") (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006); FED. R. CIV. P. 10(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion."); *Helprin v. Harcourt, Inc.*, 277 F.Supp.2d 327, 330-31 (S.D.N.Y. 2003) ("To be incorporated by reference, the Complaint must make a clear, definite, and substantial reference to the documents.")).

For those reasons, Defendant's motion to dismiss should be denied.

## Conclusion

For the reasons stated herein, it is recommended that:

1. Solis's First Amended Complaint should be stricken from the record;

2. The Clerk of Court should be ordered to close this case unless Solis files an amended complaint containing her signature within 21 days of the Court adopting this recommendation. The Clerk of Court, upon acceptance of this recommendation, should be ordered to mail Solis a blank copy of the Court's standard 28 U.S.C. § 1983 complaint form marked "Second Amended Complaint" and bearing the civil action number of this case. Solis is advised that the opportunity to amend is so that she can sign her complaint in accordance with Federal Rule of Civil Procedure 11(a); it is not for the purpose of adding new claims or defendants. Solis is also advised that an amended complaint supersedes the original and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading; and

3. The Defendant's Rule 12(b)(6) motion to dismiss should be denied.

May 4, 2022.

SO RECOMMENDED.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).