IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENE SOLIS, § | | |
|   Plaintiff, § | | |
|   § | | |
| v. § | No. 3:20-cv-00765-E (BT) | |
|   § | | |
| J. BARBER, § | | |
|   Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

  Defendant D.S.O. Barber, a Dallas County Sheriff's Department Detention Services Officer, moves to dismiss *pro se* plaintiff Rene Solis's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 39. For the following reasons, the Court should **GRANT** Barber's motion to dismiss and dismiss Solis's claims with prejudice.

## Background

  Solis, a federal inmate, brought this action under 42 U.S.C. § 1983, alleging that Barber failed to protect Solis from another inmate's assault in the Dallas County Jail when Solis was a pretrial detainee there. In the original complaint (Original Complaint) (ECF No. 3), supplemental pleading (ECF No. 13) and responses to a Magistrate Judge's questionnaire (MJQ) (ECF No. 15), Solis alleged that the assault occurred when Barber, who oversaw Solis's health and safety, was escorting Solis to the medical department within the Special Custody Unit. The Special Custody Unit is a "restrictive housing/unit" in which prison rules and

regulations require that all inmates be handcuffed and supervised. ECF No. 15 at 1. Despite those regulations, Defendant Barber left Solis—a transgender individual who looks female—alone for an unspecified time to converse with someone in the medical station. ECF No. 3 at 5; ECF No. 13; ECF No. 15 at 2. While Solis was alone, Deaaron Wheaton, a "high-security" male inmate who was not handcuffed, assaulted Solis, causing injury. ECF No. 3 at 5; ECF No. 13.[1]

In addition to Barber, Solis's Original Complaint named Wheaton; the unidentified officer in charge of Wheaton, John Doe 1; Barber's supervisor, D. Wideman; Dallas County Sheriff Marian Brown; an unidentified supervisor, John Doe 2; and J. Cox, a correctional officer who investigated Solis's grievance related to the assault. *See* ECF No. 3 at 3. Solis's Original Complaint, as supplemented through the MJQ, also alleged other causes of action besides failure to protect, such as a violation of Solis's right to access the courts, failure to investigate and resolve Solis's grievance, transgender discrimination, claims under the Federal Tort Claims Act, and claims under the Texas Tort Claims Act. *See generally* ECF No. 16 (June 30, 2021 Findings, Conclusions, and Recommendation) (FCR).

The Court found that Solis's Original Complaint and other pleadings failed to state a claim upon which relief could be granted but gave Solis leave to file an amended complaint. ECF No. 16; ECF No. 18.

---

[1] Solis's allegations were inconsistent as to whether Wheaton was supervised when he attacked Solis. *Compare* ECF No. 13 at 1 (Wheaton broke away from two deputies who were handling him), *with* ECF No. 15 at 1 (alleging that Wheaton was unsupervised).

Solis filed a first amended complaint (FAC) against Barber, Cox, Wheaton, and John Doe 1. ECF No. 19; ECF No. 20. The FAC contained the same failure-to-protect claim against Defendants Barber and John Doe 1 as the Original Complaint. ECF No. 19 at 4-5. The FAC included no allegations against Cox. ECF No. 19. The Court determined that service on Barber was appropriate but dismissed the claims against the other defendants pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and Federal Rule of Civil Procedure 54(b). ECF No. 22; ECF No. 23; ECF No. 25.

Barber filed a motion to dismiss, arguing that Solis's FAC was fatally deficient because Solis did not sign it in accordance with Federal Rule of Civil Procedure 11(a) and because it was incomplete. ECF No. 30. In response, the Court struck Solis's FAC from the record but gave Solis an opportunity to file a second amended complaint that contained Solis's signature. *See* ECF No. 34; ECF No. 35.

Solis's second amended complaint (SAC), which is signed, names Barber, Wheaton, and Cox as defendants. In the SAC, Solis alleges that, while Solis was in the care of Defendant Barber, "securely restrained," and being taken to medical at the Dallas County Jail, inmate Wheaton, who was unsecured, "started verbally and physically assaulting [Solis's] person." ECF No. 36 at 3-4. Solis alleges that Barber failed to "securely restrain Wheaton." ECF No. 36 at 3. Solis alleges that Cox was

the investigator who conducted Solis's interview after the incident.² ECF No. 36 at 4.

Barber filed a motion to dismiss Solis's SAC. ECF No. 39. Solis did not respond to the motion and the time to do so has passed.

**Legal Standard**

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

---

² Solis attached the grievance filed in relation to the assault to the SAC, as well as the prison's incident report. ECF No. 36 at 6-8. The incident report states only that Solis was handcuffed and waiting to see medical when Wheaton hit Solis with a closed fist. ECF No. 36 at 8. After that, Barber and another officer took Wheaton to the ground and restrained him. ECF No. 36 at 8.

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

**Analysis**

Initially, the SAC is the operative pleading for purposes of Barber's motion to dismiss. The order directing Solis to file the SAC with a signature stated that, in accordance with circuit law, an amended complaint supersedes the original and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. ECF No. 35 at 2; *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Solis's SAC does not reference or incorporate any prior pleading (nor could it in the case of the FAC, as that complaint was stricken from the record). *See* ECF

5

No. 36. However, as explained below, even were the Court to consider Solis's earlier, unstricken pleadings given Solis's *pro se* status, the result would be the same.

### 1. Solis fails to plausibly allege that Barber was deliberately indifferent.

Barber argues that Solis has failed to plausibly allege a failure-to-protect claim, and the Court agrees. Because Solis is suing state actors for allegedly violating Solis's federal rights, the Court analyzes Solis's claims under 42 U.S.C. § 1983. Section 1983 provides a remedy for violations, under color of state law, of a person's constitutionally recognized rights. *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006) (citing *Findeisen v. N.E. Indep. Sch. Dist.*, 749 F.2d 234, 236-37 (5th Cir. 1984)).

"When the state deprives an individual of the freedom to act on his own behalf, the Fourteenth Amendment imposes on the state a duty to protect that individual." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc)). This includes protection from the violence of other prisoners. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). "Prisoners must guard against current threats, as well as sufficiently imminent dangers that may cause harm in the future, but not every injury caused by another prisoner gives rise to constitutional liability." *Wood v. Berrera*, 2020 WL 7121660, at *4 (N.D. Tex. Oct. 30, 2020) (citing *Horton v. Cockrell*, 70 F.3d 397, 400-01 (5th Cir. 1995)).

Solis was a pretrial detainee at the time of the alleged assault; therefore, Solis's failure-to-protect claim arises under the Due Process Clause of the Fourteenth Amendment. *See Alderson,* 848 F.3d at 419 (citing *Cupit v. Jones,* 835 F.2d 82, 84-85 (5th Cir. 1987)). To succeed in a Section 1983 action like Solis's based on "episodic acts or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference by the defendants. *Id.* (citing *Hare,* 74 F.3d at 643). "That is, the plaintiff must show that the official knew of and disregarded a substantial risk of serious harm." *Id.* at 419-20 (citing *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 755 (5th Cir. 2001)). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A&M Univ.,* 168 F.3d 196, 201 (5th Cir. 1999). "To reach the level of deliberate indifference, official conduct must be 'wanton,' which is defined to mean 'reckless.'" *Alderson,* 848 F.3d at 420 (citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)).

Under those standards, Solis fails to plausibility allege that Barber acted with subjective deliberate indifference. Indeed, it is unclear whether Solis is even claiming that Barber was deliberately indifferent. Solis instead repeatedly refers to Barber's actions as "negligent." *See* ECF No. 36 at 4 ("I would like the Court to hold all parties accountable for their negligence . . . "); ECF No. 3 at 3, 5 ("The negligence of defendant allowed Solis to be assaulted . . . I would like the court to hold all parties accountable for their negligence . . . "); ECF No. 15 at 3 ("Mr.

7

Barber/unknown staff in charge of me and other inmate Mr. Wheaton were negligent in failure to act to provide reasonable protection/safety . . . "). But regardless of how Solis characterizes Barber's conduct, the facts in the Original Complaint, supplemental pleading, MJQ, SAC, and attachments to the same, even under a liberal construction, do not plausibly allege that Barber acted with deliberate indifference.

Solis's argument appears to be that the risk of harm from leaving Solis unattended for an unspecified period in the Special Custody Unit was so obvious—given the dangerousness of the Special Custody Unit and Solis's transgender status and feminine appearance—that Barber's deliberate indifference can be inferred. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citation omitted) (deliberate indifference can be inferred from the obviousness of the risk). But that argument ignores the fact that Solis—and all the other inmates in the Special Custody Unit—were required to be handcuffed and supervised. There is nothing in Solis's allegations indicating that Barber knew or should have known of a possibility—much less a likelihood—that another officer would leave an inmate uncuffed and unsupervised in the Special Custody Unit, in violation of protocol. Solis does not allege that incidents like the one giving rise to his claim occurred previously, and that Barber knew that.³ In other words, there is nothing to indicate

---

³ In the stricken FAC, Solis alleged that "assault does happen" in the restricted area, "this is why there is a restricted area, where all inmates have to be handcuffed and closely supervised." ECF No. 19 at 5. Solis gave no details about these prior assaults such as whether they involved protocol violations. The vague reference to

8

that a risk to Solis was obvious to Barber.[4] *See* ECF No. 16 at 12 (FCR reaching this same conclusion with respect to Solis's Original Complaint).

Perhaps recognizing the limitations of that theory of liability, Solis includes a seemingly new theory of failure-to-protect liability in the SAC: that Barber is liable for failing to "securely restrain Wheaton." ECF No. 36 at 3. The Court agrees with Barber that this conclusory allegation fails to state a failure-to-protect claim. Solis never plausibly alleges that Barber knew that Wheaton was in the Special Custody Unit (and unrestrained and unsupervised) or that he had an opportunity to restrain Wheaton.

Solis fails to state a failure-to-protect claim against Barber and such claim should be dismissed with prejudice.

### 2. Solis fails to state a Section 1983 claim against Wheaton because Wheaton is not a state actor.

As noted, the Court previously dismissed Solis's claims against Wheaton, the inmate who attacked Solis, finding that Wheaton was not a state actor. ECF No. 16 at 22. Despite that, Solis again names Wheaton as a defendant in the SAC. The result is the same: Solis's Section 1983 claims against Wheaton should be

---

"assaults" is not enough to show an obvious risk from leaving Solis alone for an unspecified period in an area with safety measures designed to alleviate the very harm that befell Solis.

[4]The failure of a correctional officer to follow regulations does not, alone, establish deliberate indifference. *See Thompson v. AVC Corr. Cent. Staff*, 2013 WL 3778911, at *3 (W.D. La. July 17, 2013) (citing *Richardson v. Thorton*, 299 F. App'x 461, 462-63 (5th Cir. 2008) (*Sandoval v. Fox*, 135 F. App'x 691, 691-92 (5th Cir. 2005)).

9

dismissed because Solis has not plausibly alleged that Wheaton acted under color of state law, which Section 1983 requires. *See Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir. 1994); *Batiste v. Gusman*, 2013 6095822, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983.").

Solis's claims against Wheaton should be dismissed with prejudice.

### 3. Solis fails to state a claim against Cox.

Similarly, the Court previously dismissed Solis's claims against Cox. Nevertheless, Solis again names Cox in the SAC, alleging only that he was the investigator who "conducted my interview." ECF No. 36 at 3. But investigating a prison grievance is not illegal. And even were the Court to consider Solis's allegations against Cox from the Original Complaint and response to the MJQ, as discussed in the June 2021 FCR, those allegations fail to state a claim. ECF No. 16 at 13-15.

Solis's claims against Cox should be dismissed with prejudice.

## Recommendation

The Court should **GRANT** Defendant's motion to dismiss (ECF No. 39), dismiss Solis's claims with prejudice, and close this case.[5]

---

[5] Notwithstanding the failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes,* 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester,* 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce,*

Signed July 6, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

*Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004). However, a court may appropriately dismiss an action with prejudice without giving further opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Here, Solis was given leave to amend to correct deficiencies in the original complaint. Solis has therefore had ample opportunity to plead Solis's best case, and no further leave to amend is necessary or warranted.